**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4068

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY T. MORRISON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:05-cr-00080-JAG-2)

Submitted: May 31, 2018                                    Decided: June 8, 2018

Before GREGORY, Chief Judge, DUNCAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Alexandria, Virginia, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Tracy Doherty-McCormick, Acting United States Attorney, Alexandria, Virginia, Olivia L. Norman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony T. Morrison appeals the 10-month sentence imposed after the district court revoked his supervised release. Finding no error, we affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). Accordingly, when we review a revocation sentence, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). "We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)).

To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable. *See United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). In making this determination, "we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Crudup*, 461 F.3d at 438-39. Thus, a revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' Chapter Seven policy statements and the applicable statutory sentencing factors. *See Thompson*, 595 F.3d at 546-47. A revocation sentence is substantively reasonable if the court "sufficiently

2

state[s] a proper basis for its conclusion that" the defendant should receive the sentence imposed. *Crudup*, 461 F.3d at 440. "Only if we find a revocation sentence unreasonable do we consider whether it is 'plainly' so, relying on the definition of 'plain' used in our 'plain' error analysis[,]" *i.e.*, "clear" or "obvious." *Slappy*, 872 F.3d at 208 (internal quotation marks and alterations omitted).

During his revocation hearing, Morrison admitted that he violated his supervision by driving on a suspended operator's license and by using marijuana, opiates, and heroin. In mitigation, Morrison asserted that he had significant back problems and had undergone surgeries to attempt to correct the problems, but had ongoing excruciating back pain. Morrison could not afford health insurance or medication for his ongoing back pain, and therefore he self-medicated with marijuana, opiates, and heroin. His driver's license had been suspended and he could not afford to attend the program required to have his license reinstated. Additionally, Morrison lived in a rural area and was unable to attend the treatment program as ordered by the probation officer. Morrison also presented evidence that he has been employed with the same company for more than three years and was a respected employee. He requested that he be continued on supervised release and given the opportunity to seek community resources to help with his financial and medical problems.

The Government and the district court agreed that Morrison's was a "difficult case" but that supervised release would not solve the problems that Morrison experienced. The district court correctly determined that Morrison's policy statement revocation range was 8 to 14 months, and his statutory maximum sentence was 36 months. Prior to imposing a

3

10-month sentence, the district court considered the governing policy statements and the relevant statutory sentencing factors. The court found that Morrison had breached the trust afforded him during supervision, that he had consistently used illegal substances for the past year, and that it was important to deter Morrison and others from engaging in similar conduct while on supervision. The court acknowledged Morrison's compelling arguments in mitigation, but concluded that continued supervision would not solve his problems and that a 10-month sentence was appropriate. We conclude that the district court adequately explained the sentence after considering the relevant policy statements and statutory sentencing factors and, thus, discern no procedural error. *See Thompson*, 595 F.3d at 546-47; *see also* U.S. Sentencing Guidelines Manual ch.7, pt. A, intro. cmt. n.3(b) (2017) ("at revocation the court should sanction primarily the defendant's breach of trust," and consider "to a limited degree" the defendant's criminal history and the seriousness of the supervised release violations.).

Further, because the district court considered relevant sentencing factors and sufficiently stated a proper basis for the 10-month sentence, we conclude the sentence is substantively reasonable. Given "the broad discretion that a district court has to revoke supervised release and impose a term of imprisonment up to the statutory maximum . . . , we cannot say that the district court's imposition of [the sentence below] the statutory maximum . . . is unreasonable." *Crudup*, 461 F.3d at 440. Because we conclude that Morrison's sentence is not unreasonable, "it necessarily follows that his sentence is not plainly unreasonable." *Id.* We thus affirm the district court's judgment. We dispense with

4

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*